# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES LEE PEOPLES, JR.,<br><br>  Plaintiff,<br><br>  v.<br><br>LOS ANGELES COUNTY SHERIFF DEPARTMENT, et al.,<br><br>  Defendants. | Case No. CV 17-03756 SVW (SS)<br><br>**MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

**I.**

**INTRODUCTION**

Plaintiff Charles Lee Peoples, Jr. ("Plaintiff"), a California state prisoner proceeding pro se, has filed a Civil Rights Complaint pursuant to 42 U.S.C. § 1983. (Dkt. No. 1). Congress mandates that district courts perform an initial screening of complaints in civil actions where a prisoner seeks redress from a governmental entity or employee. 28 U.S.C. § 1915A(a). This Court may dismiss such a complaint, or any portion thereof, before service of process if the complaint (1) is frivolous or malicious,

(2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1-2); see also Lopez v. Smith, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000) (en banc). For the reasons stated below, the Complaint is DISMISSED with leave to amend.[1]

## II.
## FACTUAL ALLEGATIONS AND CLAIMS

It is not entirely clear who Plaintiff is attempting to sue. The "Los Angeles County Sheriff Department" ("LACSD") is the named defendant in the caption of the Complaint. (Complaint ("Compl.") at 1). However, in the list of defendants in the body of the Complaint, he names only an anonymous employee of the North County Correctional Facility ("NCCF"), where he was housed at the time of the alleged incident. (Id. at 3). In his prayer for relief, he also requests an official review of "the deputies involved." (Id. at 6). He does not specify whether Defendants are sued in an individual or official capacity. (Id.).

The Complaint summarily alleges that, on May 14, 2016, a lieutenant ordered Plaintiff and other inmates to clean a dorm. (Id. at 5). The room had recently been used for welding, which left the air polluted by "hazardous and toxic fumes." (Id.). Plaintiff and five other inmates worked in the room without

---

[1] A magistrate judge may dismiss a complaint with leave to amend without the approval of a district judge. See McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

2

ventilation, lost consciousness, and were "emergency escorted" to the infirmary. (Id.). Plaintiff claims to suffer from continuing injuries as a result of the incident. (Id. at 5-6).

The specific grounds for Plaintiff's claims are unclear. However, the Complaint appears to allege that LACSD and Doe Defendants are liable under the Eighth Amendment for cruel and unusual punishment, as a result of requiring forced labor, "inflicting harm to inmates," "safety violations" and "abuse of authority." (Id. at 5). He also alleges a state law negligence claim. (Id.). Plaintiff prays for five million dollars in damages, "disciplinary action" and an "official review" of the deputies and the facility. (Id. at 6).

**III.**

**DISCUSSION**

Under 28 U.S.C. § 1915A(b), the Court must dismiss the Complaint due to pleading defects. However, a court must grant a pro se litigant leave to amend his defective complaint unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted). It is not "absolutely clear" that at least some of the defects of Plaintiff's Complaint could not be cured by amendment. The Complaint is therefore DISMISSED with leave to amend.

**A.  The Los Angeles County Sheriff's Department Is An Improper Defendant**

There is "no constitutional impediment to municipal liability" under Section 1983. <u>Monell v. Dep't of Soc. Servs. of City of New York</u>, 436 U.S. 658, 690 n.54, 691 (1978); see also <u>Pembaur v. City of Cincinnati</u>, 475 U.S. 469, 483 (1986) (extending <u>Monell</u>'s analysis of municipal liability to counties). However, a department, agency or unit of a local government is an improper defendant. See <u>Hervey v. Estes</u>, 65 F.3d 784, 701 (9th Cir. 1995) (police narcotics task force not a "person" or entity subject to suit under section 1983). Accordingly, the LACSD is not a proper defendant in this action, and Plaintiff's claims against LACSD must be dismissed. If Plaintiff wishes to sue the County of Los Angeles, he must meet the standard indicated below.

**B.  Plaintiff Fails To State A Claim Against The County**

Plaintiff may have intended to sue Los Angeles County. A municipality may be held liable under Section 1983 only for constitutional violations occurring as the result of an official government policy or custom. <u>Collins v. City of Harker Heights, Tex.</u>, 503 U.S. 115, 121 (1992); <u>Monell</u>, 436 U.S. at 694. To assert a valid section 1983 claim against Los Angeles County, Plaintiff must show both a deprivation of constitutional rights and a departmental policy, custom or practice that was the "moving force" behind the constitutional violation. <u>Villegas v. Gilroy Garlic Festival Ass'n</u>, 541 F.3d 950, 957 (9th Cir. 2008). There must be

4

a 'direct causal link between a [County] policy or custom and the alleged constitutional deprivation.' Id. (quoting City of Canton v. Harris, 489 U.S. 378, 385 (1989)). Proof of a single incident of unconstitutional activity, or even a series of 'isolated and sporadic incidents,'" will not impose liability under section 1983. Gant v. Cnty. of Los Angeles, 772 F.3d 608, 618 (9th Cir. 2014) (quoting Okla. City v. Tuttle, 471 U.S. 808, 823-24 (1985)). Rather, liability must be "founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996).

Plaintiff does not identify a policy, custom or practice that led to his alleged injuries. The single incident Plaintiff alleges is not enough to establish the existence of such a policy. As a result, Plaintiff fails to state a valid Monell claim against the County, and the Complaint must be dismissed, with leave to amend.

**C. The Complaint Fails To State A Claim Against The Doe Defendants**

The Complaint also sues a Defendant whose name is unknown to Plaintiff but is "documented by Inspector General Monitor Barbra Phillips." (Compl. at 3). Generally, courts do not favor actions against "unknown" defendants. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999). However, a plaintiff may sue unnamed defendants when the identity of the alleged defendants is not known before filing the complaint. Gillespie v. Civiletti, 629 F.2d 637,

642 (9th Cir. 1980). If that is the case, a court gives the plaintiff "the opportunity through discovery to identify unknown defendants, unless it is clear that discovery would not uncover the identities." Id. A plaintiff must diligently pursue discovery to learn the identity of unnamed defendants.

Here, however, the claims against the Doe Defendant (or Defendants) must be dismissed. Plaintiff sues only one Doe Defendant but seeks relief against the "deputies involved." (Compl. at 3, 6). To state a claim against more than one deputy, Plaintiff must identify each Doe Defendant as "Doe No. 1, Doe No. 2," etc., and show how each Defendant individually participated in the alleged constitutional violations, whether or not Plaintiff knows the Defendant's name. Accordingly, the Complaint must be dismissed, with leave to amend.

**D.    Plaintiff Fails To State A Cruel And Unusual Punishment Claim**

Plaintiff broadly claims that he was subjected to "cruel and unusual punishment." (Compl. at 5). This punishment included "forced labor," "abuse of authority" and "safety violations." (Id.). It is unclear whether Plaintiff is raising this claim against the LACSD, one or more Doe Defendants, or both.

Infliction of suffering on prisoners that is "totally without penological justification" violates the Eighth Amendment. Rhodes v. Chapman, 452 U.S. 337, 346 (1981). Only "the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual

6

punishment forbidden by the Eighth Amendment." Whitley v. Albers, 475 U.S. 312, 319 (1986) (internal quotation marks and citation omitted). The pain must amount to "the type of shocking and barbarous treatment protected against by the [E]ighth [A]mendment." Grummett v. Rushen, 779 F.2d 491, 494 n.1 (9th Cir. 1985). To state an Eighth Amendment claim, a prisoner must allege that prison officials acted with deliberate indifference to a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 828 (1994). Prison officials manifest deliberate indifference if they know of and disregard an excessive risk to an inmate's safety or health. Id. at 837.

Here, Plaintiff alleges that Doe Defendants told him to clean a room allegedly filled with noxious fumes. (Compl. at 5). The Complaint fails to show whether Doe Defendants knew of and purposely ignored the risk of the fumes. Also, Plaintiff does not provide a detailed description of the "forced labor" to which he was allegedly subjected, nor does he specify which safety regulations were allegedly violated. Plaintiff is advised that violations of safety regulations are not themselves constitutional violations. Because Plaintiff does not allege "shocking and barbarous" intentional conduct by any Defendant that would rise to the level of a constitutional violation, the Complaint fails to state a constitutional claim. See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). Therefore, the Complaint must be dismissed, with leave to amend.
//
//

**E.   Plaintiff Fails To Allege A Deliberate Indifference Claim Against Any Defendant**

It is also possible that Plaintiff may be attempting to state an Eighth Amendment claim based on inadequate medical treatment. To state a claim, a prisoner must demonstrate that the defendant was "deliberately indifferent" to his "serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). To establish a "serious medical need," the prisoner must show that "failure to treat [the] prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Jett, 439 F.3d at 1096 (citation omitted); see also Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (the existence of a serious medical need is determined by an objective standard).

To establish "deliberate indifference" to such a need, the prisoner must demonstrate: "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." (Id.). Deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." (Id.) (citations omitted). The defendant must have been subjectively aware of a serious risk of harm and must have consciously disregarded that risk. See Farmer, 511 U.S. at 839. An "isolated exception" to the defendant's "overall treatment" of the prisoner does not state a deliberate indifference claim. Jett, 439 F.3d at 1096.

To the extent that Plaintiff is alleging that his loss of consciousness was an objectively serious medical need, the Complaint does not allege that Doe Defendants were subjectively aware of, and deliberately chose to ignore, Plaintiff's medical needs. In fact, Plaintiff received immediate, "emergency" medical attention after he fainted. (Compl. at 5). Plaintiff does not allege facts showing the Defendants denied, delayed or intentionally interfered with his medical treatment. Accordingly, to the extent that Plaintiff is attempting to assert a deliberate indifference claim based on his medical care, the claim must be dismissed, with leave to amend.

**F.     Plaintiff Fails To State A State Law Negligence Claim**

Plaintiff also may be attempting to assert a state law tort claim for negligence. However, the Complaint does not satisfy the jurisdictional requirements for alleging a state law tort claim, such as negligence, in a civil action against government actors.

Under the California Government Claims Act ("CGCA"), a plaintiff may not bring an action for damages against a public employee or entity unless he first presents a written claim to the local governmental entity within six months of the incident. See Mabe v. San Bernadino Cnt'y, Dept. of Public Social Services, 237 F.3d 1101, 1111 (9th Cir. 2001); see also Cal. Gov't Code § 945.4 ("[N]o suit for money or damages may be brought against a public entity . . . until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been

deemed to have been rejected by the board . . ."). A plaintiff must allege that the written claim was presented to the government entity or explain why presentation should be excused, or the complaint is subject to dismissal. Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).

Internal prison grievances are separate from and do not satisfy the CGCA's claim presentation requirement. See Hendon v. Ramsey, 528 F. Supp. 2d 1058, 1069-70 (S.D. Cal. 2007) ("Although Plaintiff has demonstrated successfully that he utilized the prison grievance process to exhaust his federal [constitutional] claims by filing an inmate appeal, and has attached documentation in the form of his CDC 602 form and administrative responses, these documents do not satisfy the CTCA [California Tort Claims Act] with respect to his state law negligence claims."). Also, "[t]he failure to exhaust an administrative remedy is a jurisdictional, not a procedural, defect." Miller v. United Airlines, Inc., 174 Cal. App. 3d 878, 890 (1985).

To the extent that Plaintiff is attempting to assert a claim for negligence, the claim fails because the Complaint does not allege that Plaintiff presented his claim to the appropriate agency before filing suit as required by the CGCA.[2] Accordingly, the Complaint must be dismissed, with leave to amend. However, Plaintiff is cautioned that he should not assert such a claim unless he can either show that he satisfied the CGCA presentation

---

[2] The Complaint reflects Plaintiff's attempt to exhaust the internal prison grievance process only. (Compl. at 2).

requirement, or explain why exhaustion should be excused under the particular circumstances of this case.

**G.     Plaintiff's Request For Relief Is Defective**

Plaintiff requests an "official review" of NCCF and "disciplinary action" against the deputies involved. (Compl. at 6). Plaintiff has no constitutional right to this relief.

Requests for prospective relief are limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the relief requested "extend[] no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." Furthermore, the Court "may not attempt to determine the rights of persons not before the court.'" Price v. City of Stockton, 390 F.3d 1105, 1117 (9th Cir. 2004) (quoting Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969)). Therefore, Plaintiff may not demand relief against the "facility" (NCCF) or any official who is not party to this action because such entities and persons are outside the Court's jurisdiction.

A court's duty to protect inmates' constitutional rights does not confer the power to manage prisons, a task for which courts are ill-equipped. Toussaint v. McCarthy, 801 F.2d 1080, 1086 (9th Cir. 1986), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). Furthermore, there is no constitutional right to an investigation. Cf. Linda R.S. v. Richard D., 410 U.S. 614, 619

(1973) (observing that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). Plaintiff's request for injunctive relief in the form of an investigation or disciplinary action cannot be granted because the Court does not have the ability to grant the requested relief. Accordingly, the Complaint must be dismissed, with leave to amend.

**H. The Complaint Violates Federal Rule Of Civil Procedure 8**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)). Rule 8 may be violated when a pleading "says _too little_" and "when a pleading says _too much_." Knapp v. Hogan, 738 F.3d 1106, 1108 (9th Cir. 2013) (emphasis in original); see also Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) (a complaint violates Rule 8 if a defendant would have difficulty understanding and responding to the complaint).

Here, the Complaint violates Rule 8 because Plaintiff does not clearly identify the nature of each of the legal claims he is bringing, the specific facts giving rise to each claim, or the specific Defendant or Defendants against whom each claim is brought. Plaintiff also does not specify whether he is suing

12

Defendants in their individual or official capacities. Without more specific information, Defendants cannot respond to the Complaint. See Cafasso, 637 F.3d at 1058. Accordingly, the Complaint is dismissed, with leave to amend.

## IV.
## CONCLUSION

For the reasons stated above, the Complaint is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, he is granted **thirty (30) days** from the date of this Memorandum and Order within which to file a First Amended Complaint. In any amended complaint, Plaintiff shall cure the defects described above. **Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in prior complaints.** The First Amended Complaint, if any, shall be complete in itself and shall bear both the designation "First Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to any prior complaint. Plaintiff shall limit his action only to those Defendants who are properly named in such a complaint, consistent with the authorities discussed above.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief."

**Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, a copy of which is attached.** In any amended complaint, Plaintiff should make clear the nature and grounds for each claim and specifically identify the Defendants he maintains are liable for that claim. Plaintiff shall not assert any claims for which he cannot allege a proper factual basis.

**Plaintiff is explicitly cautioned that the failure to timely file a First Amended Complaint, or failure to correct the deficiencies described above, will result in a recommendation that this entire action be dismissed with prejudice for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).** <u>**Plaintiff is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). A form Notice of Dismissal is attached for Plaintiff's convenience.**</u>

DATED: June 23, 2017

/S/
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE

**THIS MEMORANDUM IS NOT INTENDED FOR PUBLICATION, NOR IS IT INTENDED TO BE INCLUDED IN OR SUBMITTED TO ANY ONLINE SERVICE SUCH AS WESTLAW OR LEXIS.**